

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

JOHN BEN SHEPPERD
ATTORNEY GENERAL

September 8, 1953

Hon. Mitchell Williams
County Attorney
Lynn County
Tahoka, Texas

Opinion No. S-99

Re: Several questions
relating to purchase
of fire fighting
equipment by Lynn
County.

Dear Mr. Williams:

In your request for an opinion of this office you have stated that 111 taxpaying voters of Lynn County, which has a population of 11,030, have petitioned the commissioners' court to order an election on the question of the county's purchasing fire fighting equipment.

The petition does not state whether the election is sought under Article 2351a-1 or Article 2351a-4 of Vernon's Civil Statutes, but the reasonable assumption from the wording of the petition and the circumstances of its presentation is that the petitioners are asking for an election under Article 2351a-1.

Article 2351a-1 reads as follows:

"The Commissioners Court in all counties of this State shall be authorized to furnish fire protection and fire fighting equipment to the citizens of such county residing outside the city limits of any city, town, or village within the county and/or adjoining counties. The Commissioners Court shall have the authority to purchase fire trucks and other fire fighting equipment by first advertising and receiving bids thereon, as provided by law. The Commissioners Court of any county of this State shall also have the authority to enter into contracts with any city, town or village within the county and/or adjoining counties, upon such terms and conditions as shall be agreed upon between the Commissioners Court and the governing body of such city, town or village, for

the use of the fire trucks and other fire
fighting equipment of the city, town, or
village. It is specifically provided that
the acts of any person or persons while
fighting fires, traveling to or from fires,
or in any manner furnishing fire protection
to the citizens of a county outside the city
limits of any city, town, or village, shall
be considered as the acts of agents of the
county in all respects, notwithstanding such
person or persons may be regular employees
or firemen of a city, town, or village. No
city, town or village within a county and/or
adjoining counties shall be held liable for
the acts of any of its employees while en-
gaged in fighting fires outside the city
limits pursuant to any contract theretofore
entered into between the Commissioners Court
of the county and the governing body of the
city, town, or village. Provided however,
that any fire equipment purchased by any
County shall be done only by a majority vote
of property owning taxpayers and qualified
voters of such county at a countywide election
called for such purpose."

Article 2351a-4 reads:

"The Commissioners Court of any county in
this State is hereby authorized to purchase fire
trucks and other fire fighting equipment to be
used for the protection and preservation of
bridges, county shops, county warehouses, and
other county property located in the county but
without the corporate limits of any incorporated
city or town, and in payment thereof is hereby
authorized to issue either time warrants or
negotiable bonds, or both, of the county, and to
levy and collect taxes against the county general
fund in payment thereof; provided, however, that
any such warrants or bonds must have been author-
ized by a majority of the qualified property
taxpaying voters, who had duly rendered the
same for taxation, voting at an election duly
called for that purpose by the Commissioners
Court, such bonds and warrants to be issued
and such taxes to be levied and collected in
accordance with the provisions of Chapter 1,
Title 22, Revised Civil Statutes of Texas,
governing the issuance of bonds by cities, towns,
and/or counties in this State; and provided

further, that said warrants or bonds will be
issued only in such amount or amounts as will
at all times leave remaining and unencumbered
sufficient taxes for general fund purposes to
fully take care of all current expenses there-
of."

You have asked nine questions regarding the con-
struction and application of these statutes, which we shall
state and discuss one by one.

QUESTION ONE. Is it mandatory under the
above facts that the commissioners' court call
an election?

Neither Article 2351a-1 nor Article 2351a-4 author-
izes or provides for the presentation of a petition to the
commissioners' court. It follows that any petition presented
to the court has no legal standing, and the court is not re-
quired to order an election by virtue of such a petition.

QUESTION TWO. Assuming that the commis-
sioners' court calls the election whether they
are required to or not, will the general election
laws apply?

Section 1 of the Texas Election Code (Art. 1.01,
Vernon's Election Code) declares that the provisions of the
Code shall apply to all elections held in this State, except
as otherwise provided therein. Since neither Article 2351a-1,
Article 2351a-4, nor the Election Code provides for a dif-
ferent procedure, the general election laws will apply to
any election called pursuant to either of these two statutes.

QUESTION THREE. Assuming that the election
is called and passed, does the commissioners'
court have authority to issue bonds in payment
for the equipment?

QUESTION FOUR. Assuming that the election
is called and passed, does the commissioners'
court have authority to issue interest bearing
time warrants in payment for the equipment and,
if so, from what fund will they be payable?

Article 2351a-4 specifically authorizes the issuance
of bonds or time warrants, or both, in payment of fire fight-
ing equipment purchased for the protection of county-owned
property. In fact, the sole purpose of an election called
under this article is to vote on the issuance of bonds or time
warrants. However, a county does not have authority to issue

either bonds or time warrants in payment of fire fighting equipment purchased under Article 2351a-1 for the purpose of furnishing fire protection to privately owned rural property. These questions were answered in Attorney General's Opinion V-1200 (1951), which discusses the applicable rules at length. All fire fighting equipment purchased under either of these statutes must be paid for out of the county's general fund, whether paid out of current funds or through bonds and warrants issued pursuant to Article 2351a-4. Att'y Gen. Ops. 0-4300 (1942), V-1200.

QUESTION FIVE. Assuming that Lynn County legally purchases a fire truck, would it be permissible for the commissioners' court to enter into a contract with an incorporated city within the county to operate the truck and to furnish fire protection therefrom to rural areas in the county where there are no organized volunteer fire departments in the rural areas?

The first sentence of Article 2351a-1 confers upon the commissioners' court the broad authority to furnish fire protection to rural inhabitants of the county. Although the commissioners' court is one of limited jurisdiction, the grant of a power to the commissioners' court carries with it the implied authority "to exercise a broad discretion to accomplish the purposes intended." El Paso County v. Elam, 106 S.W.2d 393 (Tex. Civ. App. 1937); Dodson v. Marshall, 118 S.W.2d 621 (Tex. Civ. App. 1938, error dism.). In the absence of further statutory directions, the commissioners' court would have the implied authority to choose the means it deemed most suitable for providing fire protection. It could contract for fire protection service without buying its own equipment, or it could purchase equipment and employ the necessary personnel to operate the equipment, or it could contract for the operation of its equipment by an agent. Gulf Bitulithic Co. v. Nueces County, 11 S.W.2d 305, 313 (Tex. Comm. App. 1928).

Let us see whether these implied powers are limited by further provisions of Article 2351a-1. The second and the last sentences recognize the authority of the county to purchase equipment but limit it by the requirements for competitive bidding and for an election. The express authority of the county to contract with a city for the use of city-owned equipment, contained in the third sentence, is not, in our opinion, a limitation on the arrangements which a county may lawfully enter

into for the operation of county-owned equipment. The statute does not prescribe the method or agency for the operation of county-owned equipment. It does not restrict the county to operation through its own employees. In Snellen v. Brazoria County, 224 S.W.2d 305 (Tex. Civ. App. 1949, error ref. n.r.e.), the commissioners' court of Brazoria County had contracted for the operation of a county-owned fire truck by the volunteer fire department of an unincorporated town, and the court evidently found nothing objectionable in this arrangement. We think it would follow that the commissioners' court could also contract with an incorporated city or town for the operation of county-owned equipment. In Attorney General's Opinion O-4326 (1942) it was held that the county could make a contract with a city for the services of a utility man to maintain county-owned fire trucks. Similarly, a county could contact with a city for the services of necessary personnel to operate county-owned equipment.

We note that the caption of this act states that it authorizes counties to provide fire protection and fire fighting equipment "either by the purchase and maintenance by the county of the necessary equipment, or by entering into contracts with the governing body of cities, towns, or villages . . . for the use of the fire fighting equipment of the city, town, or village." We are of the opinion that a reasonable construction of this language does not make the authorization narrower than the interpretation which we have given the body of the act. Purchase and maintenance by the county does not foreclose operation by city employees as the county's agents in furnishing fire protection. The statute expressly makes the persons who operate either city or county equipment the agents of the county when furnishing fire protection to rural inhabitants, even though they may be regular employees of a municipality. There is nothing in the caption or the body of the act to prevent the county's contracting with the city for the services of its employees to act as agents of the county in operating county-owned equipment.

In answer to your fifth question, it is our opinion that the county may contract with a city for the operation of county-owned fire trucks by employees of the city for the purpose of furnishing rural fire protection under Article 2351a-1.

QUESTION SIX. Assuming that Lynn County has legally purchased a fire truck in accordance with law, does the commissioners' court have authority to enter into a contract with an incorporated city in the county whereby the

city is to operate and maintain the equipment
free of cost to the county and furnish rural
fire protection therewith in exchange for the
city's right to use the equipment within the
limits of the incorporated city?

The commissioners' court is given authority to
contract with the city for the use of the fire fighting
equipment of the city "upon such terms and conditions as
shall be agreed upon." The contracts contemplated in this
sentence are to be with cities which have fire departments
and themselves own and operate fire fighting equipment.
Clearly the contract could provide for a monetary payment
by the county. Att'y Gen. Op. O-6160 (1944). It is seen
that the county could also contract with a city for the
services of city employees to operate either city or
county equipment and could pay the city for these services.
Instead of monetary payments for use of city-owned equip-
ment or for the services of its employees, we believe it
would be proper for the consideration running from the
county to the city to be permission to the city to use the
county-owned equipment within its corporate limits. It
must be assumed that in making the contract the parties
would adjust the terms so that the consideration would be
fair and reasonable to both parties. The extent of the
use permitted within the corporate limits of the city
should be commensurate with the value of the services
which the city and its employees would render to the
county.

QUESTION SEVEN. Assuming that the county
purchases a fire truck under the authority of
Article 2351a-4 to be used for the protection
and preservation of bridges, county shops,
county warehouses, and other county property
located in the county but without the corporate
limits of any incorporated city or town, can
the fire truck be used also to furnish fire
protection to the citizens of the county re-
siding outside the city limits of any city,
town or village?

QUESTION EIGHT. If Question Seven is
answered in the affirmative, can the commis-
sioners' court enter into contracts as
specified in either Question Five or Question
Six, or both?

Article 2351a-1 requires that purchase of fire fight-
ing equipment by a county for the protection of privately owned
rural property be authorized by an election of the property

taxpaying voters of the county. An election authorizing the issuance of bonds or time warrants for the purchase of equipment for protecting county-owned property under Article 2351a-4 would not dispense with the necessity for an election under Article 2351a-1 before the county could undertake to provide the equipment for furnishing fire protection to private property. If only an election under Article 2351a-4 has been held, the county would not have authority to purchase more equipment than is necessary to protect county-owned property and would not be authorized to use the equipment for furnishing protection to private property.

However, a county which has purchased fire fighting equipment under Article 2351a-4 could contract for the operation of the equipment by a city for the purpose of protecting the county-owned property and could permit the city to use the equipment within its limits to the extent of the value of the services the city was rendering the county, instead of making a money payment for the services. Furthermore, a county which has purchased equipment under Article 2351a-4 would not be precluded from contracting with a city under Article 2351a-1 for use of city-owned equipment in providing rural fire protection generally.

QUESTION NINE. If Question Four is answered in the affirmative as to the issuance of interest-bearing time warrants, may bonds be issued to refund the warrants under the provisions of Article 2368a, V.C.S.?

In answer to Question Four we have advised you that time warrants may be issued only for the purchase of equipment to protect county-owned property under Article 2351a-4. The warrants, if legally issued, may be refunded into bonds under the provisions of Section 7, subd. (d), of Article 2368a.

### SUMMARY

The commissioners' court is not required to call an election on the purchase of fire fighting equipment when it has been petitioned to do so, as the petitions are unauthorized and have no legal standing. Arts. 2351a-1, 2351a-4, V.C.S. The general election laws apply to elections called under either of these statutes.

The commissioners' court may contract with an incorporated city within the county to operate

county-owned fire fighting equipment for
furnishing fire protection to rural areas
in the county, and as consideration for its
services the city may be permitted to use
the equipment within its corporate limits
to the extent of the value of the services.

The county may not furnish fire protection
to privately owned rural property with equip-
ment purchased under Article 2351a-4, which
authorizes purchase of equipment for protection
of county-owned property only.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

By *Mary K. Wall*

Mary K. Wall
Assistant